## No. 11,186.

THE STATE OF LOUISIANA VS. ROB MCTIER.

In case the entire charge of an information is set out in one continuous, unbroken sentence, two seemingly antagonistic parts thereof not being separated by a semicolon, can not be fairly construed as charging two separate and distinct offences, rendering it liable to the objection of duplicity. It is more consonant with reason and the spirit of our jurisprudence that the subordinate or charging portion of the information be treated and considered as explanatory of the character of the offence that is denounced.

If defendant fails to retain a bill of exceptions to the refusal of the trial judge to grant a motion for a new trial, the ruling is not examinable.

APPEAL from the Sixth District Court, Parish of West Carroll. *Ellis, J.*

*M. J. Cunningham*, Attorney General, for the State, Appellee.

*Gray & McBain* for Defendant and Appellant.

The opinion of the court was delivered by

WATKINS, J.   The defendant, having been tried and found guilty of inflicting a wound less than mayhem, was sentenced to fifteen months' imprisonment in the penitentiary, and from the verdict and judgment appeals, relying for relief upon a motion in arrest and one for a new trial.

I.

The motion in arrest of judgment is based upon the averment that the information is defective for duplicity in that it charges the defendant with two offences denounced by separate and distinct statutes and the penalties for which two offences are distinct and different, namely, Revised Statutes, Sections 793 and 794.

The charge of the information at which this plea is directed is that the defendant did, " with force and arms, * * * upon one Reuben Johnson, a person in the peace of the State, then and there being, * * * wilfully make an assault with a dangerous weapon, to-wit, a pistol, and upon him, the said Reuben Johnson, did, then and there, wilfully and maliciously inflict a wound less than mayhem with said pistol.''

While the language of the information is open to verbal criticism, and phraseology is employed that would seem applicable to either section of the statutes referred to, yet, taken altogether, it appears to charge the defendant with wounding less than mayhem. The whole charge is set forth in one continuous sentence, the two parts designated not being even separated by a semicolon, indicating a division of the subject matter, much less is it included in two separate counts.

That portion of the charge of the information which declares that the defendant did "make an assault with a dangerous weapon," may be viewed as simply descriptive of the manner of inflicting the wound less than mayhem. The whole information clearly indicates the commission of but *one act* by the defendant, and not two separate and distinct acts or transactions.

The charge of duplicity is not made out and motion to arrest was correctly refused.

The motion for new trial was overruled and no bill of exceptions was reserved to its refusal, consequently we can not examine it. State vs. Wise, 38 An. 684; State vs. Darrow, 39 An. 677.

Judgment affirmed.